IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVIN THOMAS, ) | |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | Cause No. **17-cv-4233** |
| ) | |
| COOK COUNTY SHERIFF THOMAS DART, ) | |
| ) | |
| COOK COUNTY, ) | |
| ) | |
| UNKNOWN CORRECTIONAL OFFICERS, ) | |
| ) | |
| UNKNOWN MEDICAL PERSONNEL, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff MARVIN THOMAS for his complaint against Defendants Cook County Sheriff Thomas Dart, Cook County and Unknown Correctional Officers, states as follows:

**INTRODUCTION**

1. This is an action for money damages and declaratory relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Eighth Amendment to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 (the "Rehabilitation Act") against Defendants Cook County Sheriff Thomas Dart, Cook County, Unknown Medical Personnel and Unknown Correctional Officers.

2. Plaintiff alleges that he suffered inadequate health care on more than one occation while housed at the Cook County Correctional Facility, and suffered physical injuries when correctional officers failed to protect him from an inmate who had threatened to harm him.

3. Plaintiff alleges that he then was placed in a maximum security cell that had no running water. Because he had no running water, he could not keep clean sutures he had gotten to

close the wound he sustained as a result of the aforementioned inmate attack. The sutures became infected, causing the plaintiff more pain and suffering.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction of Plaintiff's cause of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

5. Venue lies in the United States District Court of the Northern District of Illinois because at least one of the defendants resides in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in prisons located in the Northern District of Illinois. 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

6. Plaintiff MARVIN THOMAS is an adult citizen and resident at 1812 W. Highland Avenue, Elgin, Illinois.

7. Defendant Thomas Dart is the Sheriff of Cook County. He is the final policymaker responsible for all policies and practices of the Cook County Department of Corrections ("Cook County Jail"). This matter is brought against Defendant Dart in his official capacity.

8. Defendant Cook County is a municipal corporation duly incorporated under the laws of the State of Illinois. The County runs Cermak Health Services Facility ("Cermak" or "Cermak Hospital"), an affiliate of the Cook County Bureau of Health Services, which provides health services for detainees at Cook County Jail.

9. Defendants Unknown Correctional Officers were, at the time of these occurrences, Cook County Correctional Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment with the Cook County Sheriff and under color of law. They are sued in their individual capacities.

10. Defendants Unknown Medical Personnel were, at the time of these occurrences, Cook County medical personnel. They engaged in the conduct complained of while on duty in the course and scope of their employment with the Cook County Sheriff and under color of law. They are sued in their individual capacities.

**BACKGROUND**

11. Marvin Thomas was on active duty as a member of the United States Air Force. His responsibility in the Air Force was jet engine maintenance. One evening, he was at the enlisted men's club listening to music from a live band. A young woman approached him, and asked him to dance. He accepted her invitation, and they danced. The band leader, however, saw them dancing, and challenged the plaintiff to a fight. Once outside the club, the band leader began cutting the unarmed plaintiff with a knife. The plaintiff required numerous stitches to close his wounds, was put on light duty when he returned to work, and has suffered recurring nightmares about the incident ever since. In 2009, the plaintiff was diagnosed with PTSD and depression at the Jesse Brown VA Medical Center.

12. On June 20, 2015, Marvin Thomas was involved in as automobile accident. He was rear-ended. The force of that collision forced him into one car in front of him after which he recoshaded into another car in front of him, then hit the median wall, and was rendered unconcious. Yet another car attempted to avoid the crashing cars, and flipped, injuring the occupants. The plaintiff was subsequently taken to John Stroger Hospital. Once he regained consciousness, he realized that his clothes had been cut off of him. When he got his clothes, all his money, nearly $3,000.00, was missing. This was money that he was planning to spend to finance a paint job he had commissioned to do. He asked what happened to his money, but the state trooper was merely concerned about getting him to blow into a breathelizer. The trooper's name was Anthony Muzzillo. The plaintiff became irate. He refused to take blood and breathelizer tests. The plaintiff was then read his Miranda rights, given minimal medical treatment, and taken to the Cermak Health Center. He was charged with aggravated driving under the influence because he refused to take the test, and because he had been in an accident.

13. At the Cook County Correctional Facility (CCCF) on June 21, 2015, the plaintiff apprised the staff of his disability. He also apprised them of the pain he suffered as a result of the car accident he had just been in, but was denied medication to releive that pain. He was later housed in a cell that was not properly heated. His only source of warmth was two, too small woolen blankets. Being allergic to wool, the plaintiff reacted to the blankets. He developed pain in his chest, body aches, light-headedness, dizziness, fever and chills. All his medical requests were denied. He was released on July 15, 2015, after his third court date where the arresting officers failed to appear.

14. After his release, the plaintiff went to the hospital for his symptoms, and was diagnosed with pneumonia.

15. On September 1, 2015, the plaintiff was indicted and reincarcerated.

16. Beginning on October 3, 2015, the plaintiff's ordeal began anew. He suffered an arm injury that required that he be sent to Stroger Hospital. While at Stroger, the plaintiff was given food to which he was allergic. As a result, his face, lips and arms swoll up, his hips ached and his breathing became labored. His symptoms were addressed at Stroger, but upon his return to the CCCF, dispite his swollen arms and aching hips, he was forced to sleep on the cell floor for 5 consecutive nights, causing him increased pain and suffering.

17. As early as October 14, 2015, the plaintiff apprised the commanding officers and sergeant in Division 2, dorm 2, W house, where the plaintiff was housed, of threats he had received from a fellow inmate. The plaintiff was concerned, because the source of his original PTSD was as attack by an armed individual. The commanding officers and sergeant assured the plaintiff that his cell would be changed to meet his safety needs, but that never happened. On January 5, 2016, one of the inmates with no provocation hit the plaintiff in the mouth. The wound took five stitches to close. During that altercation, the plaintiff also suffered a dislocated shoulder. The plaintiff told the staff at Cermak Health Center about the shoulder injury while his lip was being stitched, but the shoulder injury was never treated while he was housed at CCCF.

18. Moreover, from the time the plaintiff apprised the commanding officers and sergeant

about the threats to his safety on October 14, 2015, until he was untimately attacked on January 5, 2016, and beyond, the plaintiff suffered increased anxiety because of the impending threat to his safety.

19. After the altercation, the plaintiff was put in the hole for two weeks. Next, he was put into a maximum security dorm, Division 10/3C. Because there was no running water in the plaintiff's new cell, he was unable to keep his stitches clean, and they became infected. The plaintiff made numerous requests for the stitches to be removed, but his requests were not met until after the skin on his lip had begun to grow over the stitches. When the request was finally met, the nurse who removed three of the five stitches– the other two stitches were so overgrown that a doctor had to be called in to remove them– commented that the stitches had been put in improperly, and the improperly inserted stitches left a disfiguring lump on the plaintiff's lip. After being incarcerated at CCCF for 7 months, the plaintiff plead guilty to the Aggravated Drinking Under the Influence charge, and was released.

20. Since being released, the plaintiff has had surgery to correct the disfiguration of his lip, and additional surgery to correct the injury to his shoulder.

21. As a direct and proximate result of the acts of Defendants, acts that violated clearly established and well settled federal constitutional and statutory rights, Marvin Thomas suffered the following injuries and damages:

    a. Violation of his constitutional right under the Eighth Amendment of the Constitution of the United States of America to be free from cruel and unusual punishment when the Defendants failed to protect the plaintiff from an inmate who had threatened to harm him.

    b. Violation of the ADA and of the Rehabilitation Act when the Defendants failed to protect the plaintiff from an inmate who had threatened to harm him causing the plaintiff additional anxiety, which exaserbated his PTSD and depression.

    c.    Violation of his constitutional right under the Eighth Amendment of the Constitution of the United States of America to be free from cruel and unusual punishment when the Defendants failed to provide the plaintiff with adequate medical care for his lip and shoulder injuries, and for his ongoing bouts with PTSD and depression.

22.    At all relevant times, Defendants were acting under color of law and under color of authority as an employee, agent or servant of Cook County.

## COUNT I

*42 U.S.C. §1983 Against Defendant Commanding Officers and Sergeants*

23.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-22.

24.    Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Commanding Officers and Sergeants for violation of Plaintiff's constitutional rights under color of law and/or color of authority when they failed to protect the plaintiff from other inmates after the plaintiff warned them on October 14, 2015, that his safety was at risk.

## COUNT II

*42 U.S.C. §1983 Against Defendant Medical Personnel*

25.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-24.

26.    Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Medical Personnel for violation of plaintiff's constitutional rights under color of law and/or color of authority when they failed to timely remove the stitches from the plaintiff's repaired lip causing his lip to become infected and disfigured, when they failed to diagnose and treat his injured shoulder, which had been damaged during an altercation with a fellow inmate, and when they failed to adequately treat his preexisting conditions of PTSD and depression.

## COUNT III

*Violation of the ADA and Rehabilitation Act Against Defendant Tom Dart*

27.    Plaintiff re-alleges and incorporates by reference ¶¶ 1-26.

28. Plaintiff claims damages under ADA and Rehabilitation Act for the injuries set forth above against Defendant Tom Dart for having guidelines for putting inmates into solitary confinement which affect persons with disabilities in ways that are more harmful than to health inmates.

## COUNT IV

*42 U.S.C. §1983 Against Defendant Cook County*

29. Plaintiff re-alleges and incorporates by reference ¶¶ 1-28.

30. Plaintiff claims damages under 42 U.S.C. §1983 for the injuries set forth above against Defendant Cook County for confining the plaintiff in a cell with no running water which resulted in the plaintiff not being able to clean stitches he had just gotten to repair a lacerated lip, resulting in the wound becoming infected and the lip disfigured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendants' conduct unconstitutional and in violation of the ADA and the Rehabilitation Act;

C. Award Plaintiff compensatory and punitive damages against Defendants in the amount of $2,000,000.00;

D. Award Plaintiff reasonable fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including, but not limited to, appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

 /s/Larry Redmond
Larry Redmond
11747 S. Longwood Dr.
Chicago, Illinois 60643
773-733-0830
Lredmond3@juno.com
Attorney #6192358